# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**RANDY BISHOP**                                                                                      **PLAINTIFF**

**VS.**                                         **CIVIL ACTION NO. 4:11cv63-LRA**

**WARDEN REAGANS, ET AL**                                     **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This cause is before the Court *sua sponte* for evaluation pursuant to 28 U.S.C. § 1915(e)(2). The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A plaintiff's claim shall be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998).

## FACTS

Bishop appeared before the undersigned on November 10, 2011, for an omnibus hearing. He explained his claims under oath to the Court, and this explanation has been considered in conjunction with the allegations contained in the Complaint and pleadings.

Jurisdiction of this case is based upon 42 U.S.C. § 1983. According to his Complaint, as augmented by his sworn testimony at the Spears hearing, Bishop is an inmate incarcerated in the East Mississippi Correctional Facility in Meridian, Mississippi, in the custody of the Mississippi Department of Corrections.

According to Bishop, three officers and one case manager searched his cell on December 7, 2010. The search was performed during a shakedown of the facility, not just of his cell. These officials confiscated his property but refused to let him check what property they took or to even read the confiscation sheet. Because of this, Bishop refused to sign the confiscation sheet. He never received a list of exactly what they took from him. Bishop claims that the property that was taken was not contraband. According to his Complaint, the items taken were: a coffee cup, a jar of coffee, a Sony earbud headphone, a bottle of multi-purpose solution, a thermal top, a pair of shower shoes, a brush, a bottle of Muslim oil, 14 packs of mayonnaise, 50 packs of pepper and 100 packs of salt.

Bishop testified that none of the named Defendants were actually the officers who searched his cell and took his property. He named those persons as Defendants who answered his administrative remedy program complaint; Defendants were in charge of the officers who took the property. That is why he named them.

## LEGAL ANALYSIS

When property is wrongfully taken by prison officials as a result of random and unauthorized acts, the claim of property deprivation is barred by the *Parratt/Hudson*

doctrine. *See Hudson v. Palmer*, 468 U.S. 517, 534 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541 (1981), *overruled in part, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). It is also well settled that intentional deprivations of property by state officials do not violate the due process clause of the Fourteenth Amendment if adequate post deprivation remedies exist. *See Hudson*, 468 U.S. at 533. This holds equally true for claims of negligent deprivation. *See Daniels*, 474 U.S. at 330-31; *Davidson v. Cannon*, 474 U.S. 344 (1986). State law may provide an adequate post deprivation remedy. *See Hudson*, 468 U.S. at 533-34; *Marshall v. Norwood*, 741 F.2d 761, 763 (5th Cir. 1984).

The State of Mississippi provides at least two post-seizure remedies, including actions for conversion and claim and delivery. *See Wilson v. General Motors Acceptance Corp.*, 883 So.2d 56, 68-69 (Miss. 2004)(stating the elements for a conversion claim); Miss. Code Ann. § 11-38-1 (claim and delivery). Further, it has been held that "Mississippi's post-deprivation remedies for civil IFP litigants satisfy due process." *Nickens v. Melton*, 38 F.3d 183, 185 (5th Cir. 1994). The unlawful taking of an inmate's property under certain circumstances has also been found to violate the Constitution of the State of Mississippi. *Johnson v. King,* ___ So.3d ___ , 2012 WL 1003081 (Miss.App. Mar. 27, 2012) (court of appeals ordered that inmate be compensated for coffee mug seized by MDOC officials). Therefore, the Court finds that the State of Mississippi provides remedies for Bishop.

Because the State of Mississippi affords Bishop an adequate post deprivation remedy for the alleged deprivation of his property, this Court finds that no due process violation

3

exists.  Bishop has failed to state a violation of a constitutional right as required to maintain this claim pursuant to 42 U.S.C. § 1983.

Bishop admits that he named these Defendants only because they supervised the officers who actually took his property.   There is no liability under section 1983 under a theory of *respondeat superior*.  *Monell v. Department of Social Services*, 436 U.S. 658, 691-95 (1978).  Government officials may not be held liable for the unconstitutional conduct of their subordinates under a "supervisory liability" or *respondeat superior* theory.  *Ashcroft v. Iqbal, et al*, 556 U.S. 662, 676-77 (2009), citing *Monell*, 436 U.S. at 691.  Each government official defendant, through the official's own individual actions, must have violated the Constitution; they are not held accountable for the misdeeds of their agents.  *Id.* at 1948-49.  Absent vicarious liability, each government official is liable for his or her own misconduct.  *Id.*   Because Bishop has named these Defendants under a theory of *respondeat superior* only, the Complaint must also be dismissed for this reason.

## CONCLUSION

For these reasons, the Court finds that the facts asserted by Bishop do not state a claim upon which relief may be granted and his Complaint is frivolous under the law.  The Complaint shall be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii), and  Final Judgment in favor of all Defendants shall be entered.

The dismissal shall be considered a strike under 28 U.S.C. § 1915(g).  This provisions provides:

4

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

IT IS, THEREFORE, ORDERED that the Complaint is dismissed with prejudice and Final Judgment in favor of Defendants is entered.

IT IS FURTHER ORDERED that Plaintiff's motions, ECF No. 13 & 15, are DENIED.

SO ORDERED this the 17th day of May 2012.

    s/   Linda R. Anderson
    UNITED STATES MAGISTRATE JUDGE